## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RODNEY IAN BARNES (#370172)   CIVIL ACTION NO.

VERSUS   20-051-SDD-SDJ

JAMES LeBLANC, ET AL.

## **RULING**

Before the Court is a "Motion for Reconsideration" ("Motion")[1] filed by the *pro se* Plaintiff Rodney Ian Barnes ("Plaintiff"). Plaintiff requests that this Court vacate its prior Ruling and Judgment,[2] which was issued on March 6, 2020, dismissing this case for failure or Plaintiff to correct the deficiencies in his filings.

Plaintiff has properly brought this Motion pursuant to Federal Rule of Civil Procedure 59(e), as Plaintiff's Motion was filed within 28 days of the final judgment. For a motion to succeed under Rule 59(e), the party must clearly establish a manifest error of law or fact or present newly discovered evidence.[3] A Rule 59(e) motion has a narrow scope and allows a party to either present newly discovered evidence or to correct manifest errors of law or fact.[4] Arguments that could have been raised before the entry of the judgment including rearguing evidence and legal theories are not the purpose of a Rule 59(e) motion.[5] It is not proper to use Rule 59(e) to re-litigate or get "a second bite of the apple" on previously addressed issues by the parties or the Court.[6] Relief from a judgment, due to its narrow scope, is an extraordinary remedy that should not be used often.[7]

---

[1] R. Doc. 10.
[2] R. Docs. 7 & 8.
[3] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).
[4] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[5] *Id.*
[6] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).
[7] *Templet*, 367 F.3d at 479.

Plaintiff has provided new evidence that, through no fault of his own, he did not receive the letter of deficiency issued by this Court until after this action was dismissed.[8] Considering that Plaintiff did not have an opportunity to respond to this Court's directives until after the action was dismissed, it is appropriate to grant the relief requested.[9] Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration[10] is hereby **GRANTED**, and this Court's prior Ruling and Judgment[11] are hereby **VACATED**.

Signed in Baton Rouge, Louisiana on August ~~10~~ 12th, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] *See* R. Doc. 10-2, p. 1-3.
[9] This is especially appropriate because Plaintiff's claims have not yet been considered on the merits by the Court.
[10] R. Doc. 10.
[11] R. Docs. 7 & 8.